IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MOHANAD L. ALI, | ) | |
| | ) | |
| Plaintiff, | ) | No.   17-cv-2021 |
| | ) | |
| v. | ) | |
| | ) | JURY DEMANDED |
| OFFICER T. MORRIS, SARGEANT | ) | |
| KOVAL, and the FOREST PRESERVE | ) | |
| DISTRICT OF COOK COUNTY, ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AT LAW**

Plaintiff, MOHANAD L. ALI, by counsel, Edward R. Moor of the Moor Law Office, P.C., and Zaid Abdullah of Abdullah Law, states for his Complaint at Law against OFFICER T. MORRIS, SERGEANT KOVAL, and the FOREST PRESERVE DISTRICT OF COOK COUNTY, ILLINOIS, as follows:

**JURISDICTION**

1. This action arises under the United States Constitution, the Civil Rights Act of 1871 (42 U.S.C. § 1983), and the laws of the State of Illinois.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. 1343(a)(3), and 28 U.S.C. 1367.

2. Venue is proper in this District under 28 US.C. § 1391 because all Defendants reside in the District and also because all of the events or omissions giving rise to the claim occurred in this District.

**PARTIES**

3. On August 22, 2016 Officer Morris was employed at all relevant times, by the Forest Preserve District of Cook County, Illinois, Department of Law Enforcement, and was acting

at all relevant times alleged herein under the color of law in the course of his employment as a Forest Preserve police officer. He is being sued in his individual/personal capacity.

4. On August 22, 2016 Sargeant Koval was employed at all relevant times, by the Forest Preserve District of Cook County, Illinois, Department of Law Enforcement, and was acting at all relevant times alleged herein under the color of law in the course of his employment as a Forest Preserve police officer. He is being sued in his individual/personal capacity.

5. The Forest Preserve District of Cook County, Illinois (the "District") was on August 22, 2016, and is a local municipal corporation within Cook County organized under the laws of the State of Illinois.

6. The District on August 22, 2016, and at all relevant times, maintained as a division of itself a police department known as the Department of Law Enforcement, which is and was the employer of the Defendants Officer Morris and Sergeant Koval.

7. On August 22, 2016, and at all relevant times, Plaintiff Ali was a citizen of the United States and a resident of Cook County, Illinois.

**FACTS**

8. In the evening on August 22, 2016, Plaintiff was at the Swallow Cliff Forest Preserve in Palos Park, Illinois with his wife, Amal Ali, to jog. His wife drove Plaintiff in the Plaintiff's car to the Forest Preserve.

9. Plaintiff owned the 2007 BMW 503 xi that his wife drove to the forest preserve.

10. At about 8:15 p.m. on August 22, 2016 the Plaintiff and his wife decided to go home. Plaintiff's car, however, would not start. Plaintiff called a mechanic friend, Jihad Suleiman, to come out to the forest preserve and fix the car.

2

11. Jihad Suleiman arrived to assist in his personal car with a battery jump start box. Suleiman could not get the BMW to start, and suggested that perhaps the problem was that the BMW's electronic key fob had a dead battery.

12. Plaintiff's wife, Amal Ali, called their daughter and asked her to bring them the other key to the BMW.

13. After Plaintiff's daughter, Miriam Ali, arrived, Jihad Suleiman determined that the second key fob would not start the car. It was obvious then that the car would have to be towed.

14. While Jihad Suleiman, Amal Ali and Miriam Ali were with the Plaintiff after they had determined that the BMW needed to be towed, Officer Morris approached.

15. Officer Morris told the group that they would either have to leave the car overnight or get it towed. Plaintiff told Officer Morris that he would have the car towed. Morris agreed and left to go lock the washrooms in the park.

16. Shortly after Morris left the group, Plaintiff's wife, daughter and Jihad Suleiman left. Plaintiff gave his wife his gym bag to take home, which contained his wallet. Plaintiff stayed to await the tow truck that he had called. Plaintiff had his smartphone in his possession, and sat in the BMW waiting for the tow truck to arrive.

17. Officer Morris returned and asked Plaintiff where everyone had gone. After Plaintiff told him, he asked Plaintiff for his identification because he said that he could not let the Plaintiff tow the car without verifying that the car was his. Plaintiff explained that he had sent his wife home with his wallet, but showed Officer Morris a photograph of his driver's license that Plaintiff had stored on his phone. Morris checked the ID, looked at the vehicle registration that listed the Plaintiff as the vehicle owner, and ran the plates, all of which showed that the Plaintiff was who he said he was and that he owned the BMW.

18. Morris then drove to the park entrance and parked his car.

19. A short while later, while Plaintiff was in his car waiting for the tow truck, Plaintiff saw another police car approach and stop near Morris. The second car was drioven by Sargeant Koval. Plaintiff heard Officer Morris tell Koval "you will never believe what his name is, it's Mohammed Ali" and he then saw Sargent Koval race his squad car towards him.

20. Sargeant Koval turned a large light on and approached Plaintiff in a highly agitated state and demanded Plaintiff's identification even though Officer Morris had already asked for his identification and determined that Plaintiff did own the car and had given him permission to wait for the tow truck. Plaintiff told Sargeant Koval that his wife had taken his wallet home but that he had a picture of driver's license in his phone. Koval then accused Plaintiff of trying to hide the VIN number of the BMW because a pizza menu flyer on the dash was covering it.

21. Koval was so agitated that the Plaintiff felt threatened so he started "FaceBook Live" on his phone and told Koval that he was recording him.

22. Koval told the Plaintiff that he was "under arrest" and ordered him out of the car. Officer Morris placed handcuffs on Plaintiff. Koval then slammed Plaintiff against the hood of his car, grabbed the handcuffs and twisted them causing Plaintiff great pain and breaking his watch.

23. Koval told Morris to "delete that shit" and Officer Morris worked on the phone until he deleted the video feed.

24. Officers Koval and Morris started searching Plaintiff's car.

25. The tow truck driver arrived and called Plaintiff's wife.

26. Plaintiff's wife and daughter came back. When they arrived Officer Morris and Koval told Plaintiff that if he "calmed down" they would take the handcuffs off.

4

27.     Plaintiff asked for a lawyer, and the police removed the handcuffs and told him that he was free to leave.

28.     Morris and Koval had no probable cause to detain Plaintiff, and had no probable cause to search his car.

29.     Plaintiff's seizure and arrest violated the Fourth Amendment of the United States Constitution.

30.     Koval had no reason to use excessive force and inflict pain on Plaintiff during his arrest.

31.     Plaintiff's detention on August 22, 2016 by Morris and Koval, and Koval's battery of Plaintiff, was a violation of the Fourth Amendment of the United States Constitution.

32.     Plaintiff suffered injury as a direct and proximate result of the willful, wanton and malicious actions of the Defendants.

### COUNT I – 42 U.S.C. § 1983 – False Arrest and Detention – (Morris and Koval)

33.     Plaintiff adopts and re-alleges paragraphs 1 through 32, above, as paragraphs 1 through 32 of Count I, as if fully set forth herein.

34.     Plaintiff was improperly seized, arrested and detained on or about August 22, 2016, by Officer Morris and Sargeant Koval.

35.     Plaintiff was falsely arrested and unlawfully detained without justification and without probable cause by Officer Morris and Sargeant Koval.

36.     The actions of Defendants Morris and Koval in committing the acts described above and herein were willful, intentional, malicious, and/or done with reckless indifference and callous disregard for Plaintiff's rights, amounting to an abuse of power that shocks the conscience.

37. As a proximate result of the false arrest and unlawful detention inflicted by Defendants Plaintiff sustained injuries and losses, including emotional distress and psychological pain and suffering.

WHEREFORE, Plaintiff MOHANAD L. ALI, respectfully prays that this Court enter judgment against Defendants, Officer Morris and Sargeant Koval, awarding compensatory damages, attorney's fees and costs, punitive damages, and any other relief that this Court deems just.

Plaintiff demands trial by jury.

## COUNT II – 42 U.S.C. § 1983 – Excessive Force – (Koval)

33. Plaintiff adopts and re-alleges paragraphs 1 through 32, above, as paragraphs 1 through 32 of Count II, as if fully set forth herein.

34. On August 22, 2016, and at all times relevant herein, it was the duty of Defendant Sergeant Koval to refrain from using unreasonable excessive force against others, including Plaintiff Mohanad L. Ali.

35. On February 9, 2014, in breach of said duty, Defendant Sergeant Koval used unreasonable and excessive force in violation of the United States Constitution, while acting under the color of state law, by pushing Plaintiff up against his car, and twisting the handcuffs around his wrists to cause pain.

36. The acts described above and herein were committed by Sergeant Koval when he was not in fear of death or in fear of great bodily harm, when Plaintiff was not resisting arrest, when Plaintiff was not threatening the officers, and when Plaintiff was not fleeing or attempting to flee arrest.

37. The actions of Defendant Sergeant Koval in committing the acts described above and herein were willful, intentional, malicious, and/or done with reckless indifference and callous disregard for Plaintiff's rights, amounting to an abuse of power that shocks the conscience.

38. As a proximate result of the excessive force inflicted by Defendant, Plaintiff sustained injuries, including physical and emotional distress.

WHEREFORE, Plaintiff MOHANAD L. ALI, respectfully prays that this Court enter judgment against Defendant, Sargeant Koval, awarding compensatory damages, attorney's fees and costs, punitive damages, and any other relief that this Court deems just.

Plaintiff demands trial by jury.

### COUNT III – 42 U.S.C. § 1983 – Failure to Intervene
### (Morris)

33. Plaintiff adopts and re-alleges paragraphs 1 through 32, above, as paragraphs 1 through 32 of Count III, as if fully set forth herein.

34. In the manner described above, during the constitutional violations described above in Count II, Defendant Officer Morris stood by without intervening to prevent the misconduct perpetrated by Koval, and instead participated in it.

35. As a proximate result of the failure of Officer Morris to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered pain and injury, as well as emotional distress, when he was subject to the unconstitutional use of excessive force.

36. Defendant Morris had a reasonable opportunity to prevent the violation of Plaintiff's constitutional rights, but failed to do so.

37. The misconduct described in this Count was objectively unreasonable and was undertaken with malice and willful indifference to Plaintiff's constitutional rights.

WHEREFORE, Plaintiff MOHANAD L. ALI, respectfully prays that this Court enter judgment against Defendant, Officer Morris, awarding compensatory damages, attorney's fees and costs, punitive damages, and any other relief that this Court deems just.

Plaintiff demands trial by jury.

### COUNT IV – State Law – False Imprisonment
### (Morris and Koval)

33. Plaintiff adopts and re-alleges paragraphs 1 through 32, above, as paragraphs 1 through 32 of Count II, as if fully set forth herein.

34. Defendants Morris and Koval falsely imprisoned Plaintiff without probable cause.

35. Defendants acted with malice.

36. Defendants Morris and Koval are liable for false imprisonment because it was proximately caused by his unlawful actions as set forth above.

37. Defendants' false imprisonment of Plaintiff lasted almost an hour.

38. As a result of the wrongful acts of Defendant in falsely imprisoning Plaintiff, Plaintiff suffered injuries and damages as set forth above.

WHEREFORE, Plaintiff MOHANAD L. ALI, respectfully prays that this Court enter judgment against Defendants Morris and Koval awarding compensatory damages, attorney's fees and costs, punitive damages, and any other relief that this Court deems just.

Plaintiff demands trial by jury.

### COUNT V – State Law – Battery
### (Koval)

33. Plaintiff adopts and re-alleges paragraphs 1 through 32, above, as paragraphs 1 through 32 of Count V, as if fully set forth herein.

34. Sargeant Koval, without legal cause or justification, made unwelcome and offensive physical contact with the Plaintiff.

35. As a direct and proximate result of the offensive physical contact, Plaintiff was injured physically, emotionally and financially.

36. The Defendant, Cook County Forest Preserve District, is liable for the acts of the individual Defendant Sargeant Koval pursuant to the doctrine of *respondeat superior*, because at the time of the acts described above, the individual Defendant was an employee, agent and servant of the Defendant, Cook County Forest Preserve District and was engaged in actions within the scope of his employment.

37. Therefore, Defendants, Koval and the Cook County Forest Preserve District, are liable to the Plaintiff under the supplemental state law claim of battery.

WHEREFORE, Plaintiff MOHANAD L. ALI, respectfully prays that this Court enter judgment against Defendants Koval and the Cook County Forest Preserve District awarding compensatory damages, attorney's fees and costs, and any other relief that this Court deems just.

Plaintiff demands trial by jury.

### COUNT VI – 745 ILCS 10/9-102 – Indemnity
### (Cook County Forest Preserve District)

33. Plaintiff adopts and re-alleges paragraphs 1 through 32, above, as paragraphs 1 through 32 of Count VI, as if fully set forth herein.

31. As a local public entity that employed the Defendants Morris and Koval, the Cook County Forest Preserve District is required, pursuant to 745 ILCS 10/9-102, to pay any tort judgment or settlement for compensatory damages against Defendants Officer Morris and Koval for conduct committed within the scope of their employment activities, and may pay associated attorney's fees and costs.

34. This action is covered by 745 ILCS 10/9-102 to the extent of compensatory damages and attorney's fees and costs.

35. As a proximate result of Defendants Officer Morris and Sargeant Koval's conduct in the course of their employment with the Cook County Forest Preserve District, Plaintiff sustained injuries, including physical and emotional pain and suffering.

WHEREFORE, Plaintiff MOHANAD L. ALI, respectfully prays that if a judgment is entered against Defendants Officer Morris and Sergeant Koval, that this Court find the Cook County Forest Preserve District liable for any compensatory damages awarded to Plaintiff, and also prays for an award of attorney's fees and costs. Plaintiff further requests any other relief that this Court deems just.

MOOR LAW OFFICE, P.C.


/s/     Edward R. Moor


Edward R. Moor
Moor Law Office, P.C.
One North LaSalle Street, Suite 600
Chicago, Illinois 60602
312-726-6207
erm@moorlaw.net

Zaid Abdallah
Abdallah Law
16345 Harlem Avenue, Suite 250
Tinley Park, Illinois 60477
312-229-0008
zaid@abdallah-law.com