UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Mohanad L. Ali, | ) | |
| | ) | |
| Plaintiff, | ) | 17 C 2021 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Thomas D. Durkin |
| Officer T. Morris, Sergeant Koval, and the | ) | |
| Forest Preserve District of Cook County, Illinois, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES, the Defendant the Forest Preserve District of Cook County, Illinois, by and through its attorney, KIMBERLY M. FOX, State's Attorney of Cook County, through ALLYSON L. WEST, Assistant State's Attorney, and submits Defendant's Answer to Plaintiff's Complaint states as follows:

## JURISDICITON

1. This action arises under the United States Constitution, the Civil Rights Act of 1871 (42 U.S.C. § 1983), and the laws of the State of Illinois. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. 1343(a)(3), and 28 U.S.C. 1367.

**ANSWER:** Defendant admits that the Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and admits that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. 1343(a)(3), and 28 U.S.C. 1367.

2. Venue is proper in this District under 28 US.C. § 1391 because all Defendants reside in the District and also because all of the events or omissions giving rise to the claim occurred in this District.

**ANSWER:** Defendant admits the allegations contained in Paragraph 2.

## PARTIES

3. On August 22, 2016 Officer Morris was employed at all relevant times, by the Forest Preserve District of Cook County, Illinois, Department of Law Enforcement, and was acting at all relevant times alleged herein under the color of law in the course of his employment as a Forest Preserve police officer. He is being sued in his individual/personal capacity.

> **ANSWER:** Defendant lacks sufficient knowledge or information in which to admit or deny the allegations contained in Paragraph 3. Therefore, Defendant denies same and demands strict proof thereof.

4. On August 22, 2016 Sergeant Koval was employed at all relevant times, by the Forest Preserve District of Cook County, Illinois, Department of Law Enforcement, and was acting at all relevant times alleged herein under the color of law in the course of his employment as a Forest Preserve police officer. He is being sued in his individual/personal capacity.

> **ANSWER:** Defendant lacks sufficient knowledge or information in which to admit or deny the allegations contained in Paragraph 4. Therefore, Defendant denies same and demands strict proof thereof.

5. The Forest Preserve District of Cook County, Illinois (the "District") was on August 22, 2016, and is a local municipal corporation within Cook County organized under the laws of the State of Illinois.

> **ANSWER:** Defendant admits the allegations contained in Paragraph 5.

6. The District on August 22, 2016, and at all relevant times, maintained as a division of itself a police department known as the Department of Law Enforcement, which is and was the employer of the Defendants Officer Morris and Sergeant Koval.

**ANSWER:** Defendant admits that on August 22, 2016 it maintained as a division of itself a department known as the Department of Law Enforcement. Defendant denies the remaining allegations contained in Paragraph 6.

7. On August 22, 2016, and at all relevant times, Plaintiff Ali was a citizen of the United States and a resident of Cook County, Illinois.

**ANSWER:** Defendant lacks sufficient knowledge or information in which to admit or deny the allegations contained in Paragraph 7. Therefore, Defendant denies same and demands strict proof thereof.

## FACTS

8. In the evening on August 22, 2016, Plaintiff was at the Swallow Cliff Forest Preserve in Palos Park, Illinois with his wife, Amal Ali, to jog. His wife drove Plaintiff in the Plaintiff's car to the Forest Preserve.

**ANSWER:** Defendant lacks sufficient knowledge or information in which to admit or deny the allegations contained in Paragraph 8. Therefore, Defendant denies same and demands strict proof thereof.

9. Plaintiff owned the 2007 BMW 503 xi that his wife drove to the forest preserve.

**ANSWER:** Defendant lacks sufficient knowledge or information in which to admit or deny the allegations contained in Paragraph 9. Therefore, Defendant denies same and demands strict proof thereof.

10. At about 8:15 p.m. on August 22, 2016 the Plaintiff and his wife decided to go home. Plaintiff's car, however, would not start. Plaintiff called a mechanic friend, Jihad Suleiman, to come out to the forest preserve and fix the car.

**ANSWER:** Defendant lacks sufficient knowledge or information in which to admit or deny the allegations contained in Paragraph 10. Therefore, Defendant denies same and demands strict proof thereof.

11. Jihad Suleiman arrived to assist in his personal car with a battery jump start box. Suleiman could not get the BMW to start, and suggested that perhaps the problem was that the BMW's electronic key fob had a dead battery.

**ANSWER:** Defendant lacks sufficient knowledge or information in which to admit or deny the allegations contained in Paragraph 11. Therefore, Defendant denies same and demands strict proof thereof.

12. Plaintiff's wife, Amal Ali, called their daughter and asked her to bring them the other key to the BMW.

**ANSWER:** Defendant lacks sufficient knowledge or information in which to admit or deny the allegations contained in Paragraph 12. Therefore, Defendant denies same and demands strict proof thereof.

13. After Plaintiff's daughter, Miriam Ali, arrived, Jihad Suleiman determined that the second key fob would not start the car. It was obvious then that the car would have to be towed.

**ANSWER:** Defendant lacks sufficient knowledge or information in which to admit or deny the allegations contained in Paragraph 13. Therefore, Defendant denies same and demands strict proof thereof.

14. While Jihad Suleiman, Amal Ali and Miriam Ali were with the Plaintiff after they had determined that the BMW needed to be towed, Officer Morris approached.

**ANSWER:** Defendant lacks sufficient knowledge or information in which to admit or deny the allegations contained in Paragraph 14. Therefore, Defendant denies same and demands strict proof thereof.

15. Officer Morris told the group that they would either have to leave the car overnight or get it towed. Plaintiff told Officer Morris that he would have the car towed. Morris agreed and left to go lock the washrooms in the park.

**ANSWER:** Defendant lacks sufficient knowledge or information in which to admit or deny the allegations contained in Paragraph 15. Therefore, Defendant denies same and demands strict proof thereof.

16. Shortly after Morris left the group, Plaintiff's wife, daughter and Jihad Suleiman left. Plaintiff gave his wife his gym bag to take home, which contained his wallet. Plaintiff stayed to await the tow truck that he had called. Plaintiff had his smartphone in his possession, and sat in the BMW waiting for the tow truck to arrive.

**ANSWER:** Defendant lacks sufficient knowledge or information in which to admit or deny the allegations contained in Paragraph 16. Therefore, Defendant denies same and demands strict proof thereof.

17. Officer Morris returned and asked Plaintiff where everyone had gone. After Plaintiff told him, he asked Plaintiff for his identification because he said that he could not let the Plaintiff tow the car without verifying that the car was his. Plaintiff explained that he had sent his wife home with his wallet, but showed Officer Morris a photograph of his driver's license that Plaintiff had stored on his phone. Morris checked the ID, looked at the vehicle registration that listed the Plaintiff as the vehicle owner, and ran the plates, all of which showed that the Plaintiff was who he said he was and that he owned the BMW.

**ANSWER:** Defendant lacks sufficient knowledge or information in which to admit or deny the allegations contained in Paragraph 17. Therefore, Defendant denies same and demands strict proof thereof.

18. Morris then drove to the park entrance and parked his car.

**ANSWER:** Defendant lacks sufficient knowledge or information in which to admit or deny the allegations contained in Paragraph 18. Therefore, Defendant denies same and demands strict proof thereof.

19. A short while later, while Plaintiff was in his car waiting for the tow truck, Plaintiff saw another police car approach and stop near Morris. The second car was driven by Sergeant Koval. Plaintiff heard Officer Morris tell Koval "you will never believe what his name is, it's Mohammed Ali" and he then saw Sargent Koval race his squad car towards him.

**ANSWER:** Defendant lacks sufficient knowledge or information in which to admit or deny the allegations contained in Paragraph 19. Therefore, Defendant denies same and demands strict proof thereof.

20. Sergeant Koval turned a large light on and approached Plaintiff in a highly agitated state and demanded Plaintiff's identification even though Officer Morris had already asked for his identification and determined that Plaintiff did own the car and had given him permission to wait for the tow truck. Plaintiff told Sergeant Koval that his wife had taken his wallet home but that he had a picture of driver's license in his phone. Koval then accused Plaintiff of trying to hide the VIN number of the BMW because a pizza menu flyer on the dash was covering it.

**ANSWER:** Defendant lacks sufficient knowledge or information in which to admit or deny the allegations contained in Paragraph 20. Therefore, Defendant denies same and demands strict proof thereof.

21. Koval was so agitated that the Plaintiff felt threatened so he started "FaceBook Live" on his phone and told Koval that he was recording him.

**ANSWER:** Defendant lacks sufficient knowledge or information in which to admit or deny the allegations contained in Paragraph 21. Therefore, Defendant denies same and demands strict proof thereof.

22. Koval told the Plaintiff that he was "under arrest" and ordered him out of the car. Officer Morris placed handcuffs on Plaintiff. Koval then slammed Plaintiff against the hood of his car, grabbed the handcuffs and twisted them causing Plaintiff great pain and breaking his watch.

**ANSWER:** Defendant lacks sufficient knowledge or information in which to admit or deny the allegations contained in Paragraph 22. Therefore, Defendant denies same and demands strict proof thereof.

23. Koval told Morris to "delete that shit" and Officer Morris worked on the phone until he deleted the video feed.

**ANSWER:** Defendant lacks sufficient knowledge or information in which to admit or deny the allegations contained in Paragraph 23. Therefore, Defendant denies same and demands strict proof thereof.

24. Officers Koval and Morris started searching Plaintiff's car.

**ANSWER:** Defendant lacks sufficient knowledge or information in which to admit or deny the allegations contained in Paragraph 24. Therefore, Defendant denies same and demands strict proof thereof.

25. The tow truck driver arrived and called Plaintiff's wife.

**ANSWER:** Defendant lacks sufficient knowledge or information in which to admit or deny the allegations contained in Paragraph 25. Therefore, Defendant denies same and demands strict proof thereof.

26. Plaintiff's wife and daughter came back. When they arrived Officer Morris and Koval told Plaintiff that if he "calmed down" they would take the handcuffs off.

**ANSWER:** Defendant lacks sufficient knowledge or information in which to admit or deny the allegations contained in Paragraph 26. Therefore, Defendant denies same and demands strict proof thereof.

27. Plaintiff asked for a lawyer, and the police removed the handcuffs and told him that he was free to leave.

**ANSWER:** Defendant lacks sufficient knowledge or information in which to admit or deny the allegations contained in Paragraph 27. Therefore, Defendant denies same and demands strict proof thereof.

28. Morris and Koval had no probable cause to detain Plaintiff, and had no probable cause to search his car.

**ANSWER:** Defendant denies the allegations contained in Paragraph 28.

29. Plaintiff's seizure and arrest violated the Fourth Amendment of the United States Constitution.

**ANSWER:** Defendant denies the allegations contained in Paragraph 29.

30. Koval had no reason to use excessive force and inflict pain on Plaintiff during his arrest.

**ANSWER:** Defendant lacks sufficient knowledge or information in which to admit or deny the allegations contained in Paragraph 30. Therefore, Defendant denies same and demands strict proof thereof.

31. Plaintiff's detention on August 22, 2016 by Morris and Koval, and Koval's battery of Plaintiff, was a violation of the Fourth Amendment of the United States Constitution.

**ANSWER:** Defendant denies the allegations contained in Paragraph 31.

32. Plaintiff suffered injury as a direct and proximate result of the willful, wanton and malicious actions of the Defendants.

**ANSWER:** Defendant denies the allegations contained in Paragraph 32.

## COUNT I – 42 U.S.C. § 1983 – False Arrest and Detention –
### (Morris and Koval)

33. Plaintiff adopts and re-alleges paragraphs 1 through 32, above, as paragraphs 1 through 32 of Count I, as if fully set forth herein.

**ANSWER:** Defendant reasserts its answers to paragraphs 1 through 32 herein.

34. Plaintiff was improperly seized, arrested and detained on or about August 22, 2016, by Officer Morris and Sergeant Koval.

**ANSWER:** Defendant denies the allegations contained in Paragraph 34.

35. Plaintiff was falsely arrested and unlawfully detained without justification and without probable cause by Officer Morris and Sergeant Koval.

**ANSWER:** Defendant denies the allegations contained in Paragraph 35.

36. The actions of Defendants Morris and Koval in committing the acts described above and herein were willful, intentional, malicious, and/or done with reckless indifference and callous disregard for Plaintiff's rights, amounting to an abuse of power that shocks the conscience.

**ANSWER:** Defendant denies the allegations contained in Paragraph 36.

37. As a proximate result of the false arrest and unlawful detention inflicted by Defendants Plaintiff sustained injuries and losses, including emotional distress and psychological pain and suffering.

**ANSWER:** Defendant denies the allegations contained in Paragraph 37.

### COUNT II – 42 U.S.C. § 1983 – Excessive Force –
### (Koval)

33. Plaintiff adopts and re-alleges paragraphs 1 through 32, above, as paragraphs 1 through of Count II, as if fully set forth herein.

**ANSWER:** Defendant reasserts its answers to paragraphs 1 through 32 herein.

34. On August 22, 2016, and at all times relevant herein, it was the duty of Defendant Sergeant Koval to refrain from using unreasonable excessive force against others, including Plaintiff Mohanad L. Ali.

**ANSWER:** Defendant admits only those duties imposed by law. Defendant denies the remaining allegations contained in Paragraph 34.

35. On February 9, 2014, in breach of said duty, Defendant Sergeant Koval used unreasonable and excessive force in violation of the United States Constitution, while acting under the color of state law, by pushing Plaintiff up against his car, and twisting the handcuffs around his wrists to cause pain.

**ANSWER:** Defendant denies the allegations contained in Paragraph 35

36. The acts described above and herein were committed by Sergeant Koval when he was not in fear of death or in fear of great bodily harm, when Plaintiff was not resisting arrest, when Plaintiff was not threatening the officers, and when Plaintiff was not fleeing or attempting to flee arrest.

**ANSWER:** Defendant lacks sufficient knowledge or information in which to admit or deny the allegations contained in Paragraph 36. Therefore, Defendant denies same and demands strict proof thereof.

37. The actions of Defendant Sergeant Koval in committing the acts described above and herein were willful, intentional, malicious, and/or done with reckless indifference and callous disregard for Plaintiff's rights, amounting to an abuse of power that shocks the conscience.

**ANSWER:** Defendant denies the allegations contained in Paragraph 37.

38. As a proximate result of the excessive force inflicted by Defendant, Plaintiff sustained injuries, including physical and emotional distress.

**ANSWER:** Defendant denies the allegations contained in Paragraph 38.

### COUNT III – 42 U.S.C. § 1983 – Failure to Intervene
### (Morris)

33. Plaintiff adopts and re-alleges paragraphs 1 through 32, above, as paragraphs 1 through 32 of Count III, as if fully set forth herein.

**ANSWER:** Defendant reasserts its answers to paragraphs 1 through 32 herein.

34. In the manner described above, during the constitutional violations described above in Count II, Defendant Officer Morris stood by without intervening to prevent the misconduct perpetrated by Koval, and instead participated in it.

**ANSWER:** Defendant denies the allegations contained in Paragraph 34.

35. As a proximate result of the failure of Officer Morris to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered pain and injury, as well as emotional distress, when he was subject to the unconstitutional use of excessive force.

**ANSWER:** Defendant denies the allegations contained in Paragraph 35.

36. Defendant Morris had a reasonable opportunity to prevent the violation of Plaintiff's constitutional rights, but failed to do so.

**ANSWER:** Defendant denies the allegations contained in Paragraph 36.

37. The misconduct described in this Count was objectively unreasonable and was undertaken with malice and willful indifference to Plaintiff's constitutional rights.

**ANSWER:** Defendant denies the allegations contained in Paragraph 37

## COUNT IV – State Law – False Imprisonment
**(Morris and Koval)**

33. Plaintiff adopts and re-alleges paragraphs 1 through 32, above, as paragraphs 1 through 32 of Count II, as if fully set forth herein.

**ANSWER:** Defendant reasserts its answers to paragraphs 1 through 32 herein.

34. Defendants Morris and Koval falsely imprisoned Plaintiff without probable cause.

**ANSWER:** Defendant denies the allegations contained in Paragraph 34.

35. Defendants acted with malice.

**ANSWER:** Defendant denies the allegations contained in Paragraph 35.

36. Defendants Morris and Koval are liable for false imprisonment because it was proximately caused by his unlawful actions as set forth above.

**ANSWER:** Defendant denies the allegations contained in Paragraph 36.

37. Defendants' false imprisonment of Plaintiff lasted almost an hour.

**ANSWER:** Defendant denies the allegations contained in Paragraph 37.

38. As a result of the wrongful acts of Defendant in falsely imprisoning Plaintiff, Plaintiff suffered injuries and damages as set forth above.

**ANSWER:** Defendant denies the allegations contained in Paragraph 38.

## COUNT V – State Law – Battery
### (Koval)

33. Plaintiff adopts and re-alleges paragraphs 1 through 32, above, as paragraphs 1 through 32 of Count V, as if fully set forth herein.

**ANSWER:** Defendant reasserts its answers to paragraphs 1 through 32 herein.

34. Sergeant Koval, without legal cause or justification, made unwelcome and offensive physical contact with the Plaintiff.

**ANSWER:** Defendant denies the allegations contained in Paragraph 34.

35. As a direct and proximate result of the offensive physical contact, Plaintiff was injured physically, emotionally and financially.

**ANSWER:** Defendant denies the allegations contained in Paragraph 35.

36. The Defendant, Cook County Forest Preserve District, is liable for the acts of the individual Defendant Sergeant Koval pursuant to the doctrine of respondeat superior, because at the time of the acts described above, the individual Defendant was an employee, agent and servant of the Defendant, Cook County Forest Preserve District and was engaged in actions within the scope of his employment.

**ANSWER:** Defendant denies the allegations contained in Paragraph 36.

37. Therefore, Defendants, Koval and the Cook County Forest Preserve District, are liable to the Plaintiff under the supplemental state law claim of battery.

**ANSWER:** Defendant denies the allegations contained in Paragraph 37.

## COUNT VI – 745 ILCS 10/9-102 – Indemnity
### (Cook County Forest Preserve District)

33. Plaintiff adopts and re-alleges paragraphs 1 through 32, above, as paragraphs 1 through 32 of Count VI, as if fully set forth herein.

**ANSWER:** Defendant reasserts its answers to paragraphs 1 through 32 herein.

31. As a local public entity that employed the Defendants Morris and Koval, the Cook County Forest Preserve District is required, pursuant to 745 ILCS 10/9-102, to pay any tort judgment or settlement for compensatory damages against Defendants Officer Morris and Koval for conduct committed within the scope of their employment activities, and may pay associated attorney's fees and costs.

**ANSWER:** Defendant admits the allegations contained in Paragraph 31.

34. This action is covered by 745 ILCS 10/9-102 to the extent of compensatory damages and attorney's fees and costs.

**ANSWER:** Defendant admits the allegations contained in Paragraph 34.

35. As a proximate result of Defendants Officer Morris and Sergeant Koval's conduct in the course of their employment with the Cook County Forest Preserve District, Plaintiff sustained injuries, including physical and emotional pain and suffering.

**ANSWER:** Defendant denies the allegations contained in Paragraph 35.

Respectfully Submitted,

KIMBERLY M. FOX
State's Attorney of Cook County

By: */s/ Allyson L. West*
Allyson L. West
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-6299

## AFFIRMATIVE DEFENSES

Defendant offers the following affirmative defenses to Plaintiffs' allegations:

1. Defendant's conduct was at all times objectively reasonable and did not violate any of Plaintiffs' clearly established Constitutional rights. In the instant action, Plaintiffs cannot establish that Defendant violated a clearly established constitutional right of which a reasonable person would have known. Rather, each step taken by Defendant was proper and reasonable.

2. Defendant is entitled to the defense of Qualified Immunity as defined by the Illinois Local Governmental and Governmental Employee's Tort Immunity Act, hereinafter the Tort Immunity Act, 745 ILCS 10/1-101 *et seq.*, (1995 as amended) and as such can avail themselves of any and all immunities and defenses provided for therein.

3. Pursuant to § 2-109 of the Tort Immunity Act, the Forest Preserve District of Cook County is not liable for an injury resulting from an act or omission of its employee where the employee is not liable for violations of state law

4. Pursuant to § 2-201 of the Tort Immunity Act, Defendant is entitled to immunity where a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for any injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused.

5. Pursuant to § 2-202 of the Tort Immunity Act, Defendant is not liable for any injury arising from their acts or omissions in the execution or enforcement of any law as their alleged actions did not constitute willful or wanton conduct.

Pursuant to § 2-204 of the Tort Immunity Act, Defendant is not liable for any injury that was caused by the act or omission of another person.

6. Defendant reserves the right to name affirmative defenses as they become known through further discovery or otherwise in this action.

## JURY DEMAND

Defendant demands a trial by jury.

Respectfully Submitted,

KIMBERLY M. FOX
State's Attorney of Cook County

By: */s/ Allyson L. West*
Allyson L. West
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-6299